IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
|  | * |
| DAN LAIN, TRUSTEE, | * |
| Plaintiff, | * |
| v. | *  CIVIL NO.: WDQ-11-3736 |
| JOHN C. ERICKSON, *et al.* | * |
| Defendants. | * |

*   *   *   *   *   *   *   *   *   *   *   *   *

MEMORANDUM OPINION

Dan Lain (the "Trustee"), the appointed trustee of the
Liquidating Creditor Trust of Erickson Retirement Communities,
LLC (the "Liquidating Trust"), sued Paul L. Erickson and Cynthia
A. Plungis (the "GST Trustees"), as trustees of the 2002 Nancy
A. Erickson GST Trust and the 2002 John C. Erickson GST Trust
(the "GST Trusts"), and others[1] for breach of contract and other
claims.  ECF No. 33.  Pending are the Trustee's motion for
summary judgment for breach of contract, ECF No. 189, and the
GST Trustees' motion for leave to file a surreply, ECF No. 194.
No hearing is necessary.  Local Rule 105.6 (D. Md. 2014).[2]  For
the following reasons, the GST Trustees' motion for leave to

---

[1] The claims against all other defendants have been dismissed.
ECF No. 148 at 1.

[2] Accordingly, the Trustee's request for a hearing, ECF No. 190,
will be denied.

file a surreply will be granted, and the Trustee's motion for
summary judgment will be granted.

I. Background[3]

    A.    Facts

    Erickson Group, LLC ("EG") was a holding company.  ECF No.
33 at 9.  Its only asset was its 100% membership interest in
Erickson Retirement Communities, LLC ("ERC").  *Id.*  ERC was a
privately-owned entity that developed and managed retirement
communities.  *Id.* at 8-9.  John Erickson was the President of EG
and had a controlling interest.  *Id.* at 12.  Several members of
his family, including his wife Nancy, served as directors and
officers of EG and ERC.  *Id.* at 11-12.

    From 1996 to 2000, John and Nancy Erickson (together, "the
Ericksons") made contributions of cash or ownership interest in
EG to the Erickson Foundation ("EF").  ECF No. 192-1 at 3.
However, legal restrictions on EF maintaining an ownership
interest in EG while John Erickson controlled EG led the
Ericksons to establish the GST Trusts as charitable remainder
trusts that expired five years from the date of creation.  *See*

---

[3] Facts are taken from the Complaint, ECF No. 33; the pending
motions, ECF Nos. 189, 194; the exhibits attached to the pending
motions; the parties' pleadings in response to the motions, ECF
Nos. 192, 193, 195; and the exhibits attached to the pleadings.
In a motion for summary judgment, the nonmovants' evidence "is
to be believed, and all justifiable inferences are to be drawn
in [their] favor."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S.
242, 255 (1986).

ECF Nos. 192-1 at 3-4; ECF No.192-4 ¶¶ 6-7.  Both trusts held ownership interests in EG.  *See id.*

Before their expiration, the GST Trusts sold their EG interests to the Baltimore Community Foundation ("BCF").  ECF Nos. 189-2 at 3; 192-4 ¶¶ 17-18.[4]  In 2005, EG sought to buy-back the ownership interests from the BCF at their fair market value of $55 million.  ECF Nos. 189-2 at 3; 192-4 ¶ 19.  EG lent the money to the GST Trusts; on May 4, 2005, the GST Trusts issued a promissory note to EG (the "Note"); and the GST Trusts purchased the EG interests from the BCF.  *See* ECF Nos. 189-2 at 3-4; 192-1 at 4-5; 192-3 ¶¶ 9-12.[5]

---

[4] Because the Ericksons still controlled ERC at the end of the GST Trusts' five-year term, EF could not be the beneficiary of the GST Trusts' EG interests.  ECF No. 192-4 ¶ 17.

[5] Paragraph nine of the Note ("Waiver Clause") provides:

> If Creditor transfers this Note to another holder who takes this Note for value and without actual knowledge of a claim or defense of the Borrowers against any prior holder of this Note, such transferee shall not be subject to any claims, set-offs, or defenses that Borrowers may have against any holder of this Note prior to such transfer, and such transferee shall have all of the rights of a holder in due course against Borrowers even if, absent this provision, such transferee would not qualify as a holder in due course under applicable law.

ECF No. 189-9 ¶ 9.  The Trustee contends that the Note was transferred to him for value, "as payment of an antecedent debt."  ECF No. 195 at 6-7.  The Trustee also contends that he was "without knowledge of a claim or defense of the Borrowers against any prior holder of this Note."  *Id.*; ECF No. 193-1 ¶ 5.

The Note provided for discretionary late charges when scheduled payments were not made within 15 days of the due date, and for collection costs to be paid by the borrowers.  ECF No. 189-9 ¶¶ 3, 6.  The Note also included a default and acceleration clause, providing that "[u]pon the occurrence of an Event of Default,[6] the unpaid principal with interest and all other sums evidenced by this Note shall, at the option of Creditor and in Creditor's sole discretion, become immediately due and payable."  *Id.* ¶ 7.  The first payment (of interest only) was due on May 4, 2006, with interest payments due on each May 4th thereafter "until the entire principal and

---

[6] "Event[s] of Default" include:

> (a) the failure of Borrowers to make any payment of
> principal or interest under this Note when due; . . .
> (e) the entry of a judgment against Borrowers; (f) the
> issuing of any attachment or garnishment, or the
> filing of any lien, against any property of Borrowers
> or if any property of Borrowers shall be subject to
> any federal or state forfeiture proceedings; (g) if
> Borrowers shall allege any invalidity, illegality, or
> unenforceability of this Note or the indebtedness
> evidenced hereby; (h) if Borrowers shall apply for or
> consent to the appointment of a receiver, trustee or
> liquidator of Borrowers or any of Borrowers' property,
> admit in writing Borrowers' inability to pay
> Borrowers' debts as they mature, make a general
> assignment for the benefit of creditors,  be
> adjudicated bankrupt or insolvent, file a voluntary
> petition in bankruptcy or a petition seeking
> reorganization or an arrangement with
> creditors . . . .

ECF No. 189-9 ¶ 7.

interest . . . has been repaid." ECF No. 189-9 ¶ 1(a).  On
April 1, 2010, the Note fully matured, and all unpaid principal
and interest became due.  *Id.* ¶ 1(b).  The GST Trusts never made
any payments on the Note.  ECF Nos. 33 at 17; 189-2 at 2; 192-1
at 5-6.

The parties dispute why payments were never made on the
Note.  The Trustee asserts that the Ericksons "extracted" the
loan from EG to "line[] their own pockets," never intending to
pay it back or use the funds for EG purposes.  *See* ECF No. 189-2
at 4.  The GST Trustees contend that EG never intended the GST
Trusts to make payments on the Note, EG's creditors knew about
the transaction, the Note was created for tax planning purposes,
and future distributions from ERC would be used to repay the
loan. ECF No. 192-1 at 5. [7]  The 2008 financial crisis resulted

_____

[7] The GST Trustees submitted affidavits explaining the intended
repayment plan.  ECF Nos 192-3 ¶ 9 (John C. Erickson)("Erickson
Affidavit"); 192-4 ¶¶ 23-24 (Jeffrey Jacobsen, the Ericksons'
financial planner and ERC Board Member)("Jacobsen Affidavit");
192-5 (Paul L. Erickson, co-trustee of the GST Trusts); 192-6
(Bruce McLean, former Senior Vice President for Mercantile Safe
Deposit & Trust Company).  According to the Erickson Affidavit,
it was contemplated that (1) ERC would make a distribution to
EG; (2) EG would extend a loan to the GST Trusts; (3) the GST
Trusts would use those funds to purchase BCF's EG interest; and
(4) the GST Trusts' increased EG interest would permit it to
repay the loan to EG from a future distribution from ERC to EG.
ECF No. 192-3 ¶ 9.  Without a distribution from EG to the GST
Trusts, they "would have no ability to pay the loan from EG."
*Id.*  The Erickson Affidavit contends that the Note's omission of
a "provision conditioning payments on distributions from EG to
the [GST Trusts] was a mutual mistake."  *Id.* ¶ 16; *see also* ECF
No. 192-5 ¶ 10 (stating same).  The Jacobsen Affidavit stated

in ERC being "unable to make a future distribution to finalize the Note transaction as intended." ECF Nos. 192-1 at 6; 192-3 ¶ 15.

On October 19, 2009, ERC, EG, and several subsidiaries of those companies (collectively "the debtors") sought protection under Chapter 11 of Title 11 of the United States Code ("Chapter 11") in the Bankruptcy Court for the Northern District of Texas. ECF No. 33 at 1 n.1, 2, 8. On April 16, 2010, a reorganization plan was confirmed (the "Plan"), which created the Liquidating Trust to prosecute certain claims on behalf of specified unsecured creditor beneficiaries. *Id.* at 8; ECF Nos. 189-2 at 4; 194-1 at 2-3. The Plan assigned to the Liquidating Trust any claims associated with the Note, including the right to enforce the Note. *See* ECF Nos. 189-2 at 5; 194-1 at 46: ¶ 6.4.7.[8] Lain was appointed Trustee of the Liquidating Trust. ECF No. 189-2 at 5.

---

that "no parties contemplated the [GST Trusts'] assets as a source of repayment. ECF No. 192-4 ¶ 28.

[8] Specifically, the Plan assigned to the Trustee the "GST Collection Claim," meaning, "the rights of [EG], as lender, under [the Note], including all claims and causes of action to enforce all remedies and the payment obligations thereunder." ECF No. 194-1 at 136. A September 2010 settlement agreement between Sovereign Bank and the GST Trusts--among others-- acknowledges that the GST Trusts owe the Trustee more than $69 million on the Note. *See* ECF No. 189-12 at 7-8.

Under Section 6.4.1 of the Plan,

> [t]he Plan, the confirmation of the Plan, and any
> agreements consummated pursuant to the Plan, shall be
> without prejudice to any parties' defenses,
> affirmative defenses, or defensive offsets, and any
> other defenses under applicable bankruptcy law,
> nonbankruptcy law, or both to such potential claims as
> may be reserved under the Plan, including without
> limitation any . . . Estate Assigned Claims, and any
> such defenses shall be fully preserved and are not
> precluded (whether by res judicata, collateral
> estoppel, judicial estoppel, or otherwise) by
> confirmation of the Plan.

ECF No. 194-1 at 45: ¶ 6.4.1.  "Estate Assigned Claim" includes

the "GST Collection Claim," which is defined as EG's right to

collect on this Note.  *See id.* at 3, 136.[9]

B.   Procedural History

On June 2, 2011, the Trustee filed in the Texas Bankruptcy

Court a 13-count complaint alleging, *inter alia*, that the

Erickson family and the GST Trusts had siphoned off the debtors'

assets for the Erickson family's personal use.  *See, e.g.,* ECF

---

[9] The Confirmation Order issued by the United States Bankruptcy
Court for the Northern District of Texas approving the Plan
states, *inter alia*:

> All property of the Debtors' Estates, and any property
> acquired by a Debtor under the Plan, the Plan
> supplement and the Definitive Agreement shall vest in
> the . . . Liquidating Creditor Trust . . . as
> applicable, free and clear of all claims, liens,
> encumbrances, charges, and other interests, except as
> expressly provided herein, in the Liquidating Creditor
> Trust documents, . . . or the Plan.

*See* ECF Nos. 194-1 at 4, 210: ¶ 11 (Vesting Assets); 195 at
8-9.

No. 33 at 11.  The Complaint alleged nine counts under the Maryland Code or Maryland common law (counts 1-9), three counts of fraudulent transfers (counts 10-12), under 11 U.S.C. §§ 544-551, and one count of avoidable preferences, under 11 U.S.C. §§ 547, 550 (count 13).  ECF No. 33.[10]

On October 12, 2011, the Texas Bankruptcy Court transferred the adversary action to the District of Maryland.  ECF No. 1-1 at 10.  Under Local Rule 402, the action was automatically referred to the Bankruptcy Court for the District of Maryland. *Id.* at 11.  On May 31, 2012, this Court granted the defendants' motion to withdraw the reference.  ECF No. 26.

On January 11, 2013, following a settlement agreement, the Trustee filed a stipulation of dismissal with prejudice of all claims against all defendants, except the GST Trustees.  ECF Nos. 148, 152.  The Trustee and the GST Trustees reached a settlement, but the agreement was not approved by the bankruptcy court because creditors objected.  *See* ECF Nos. 152, 155.

---

[10] On August 9, 2011, the GST Trustees moved to dismiss the Complaint on grounds that: (1) counts 10, 11 and 13 failed to state a claim on which relief could be granted as to the GST Trusts; (2) the bankruptcy court could not constitutionally adjudicate any of the claims; (3) the bankruptcy court lacked jurisdiction over the GST Trusts; and (4) the venue was improper.  ECF No. 83 at 2.  Grounds 2-4 were mooted upon the transfer of the litigation from the Texas Bankruptcy Court to the District of Maryland Bankruptcy Court and finally to this Court.  The Trustee only seeks summary judgment against the GST Trustees on Count One of the Complaint--breach of contract for nonpayment of the Note.  ECF Nos. 33 at 28; 189 at 1.

On May 2, 2013, the Trustee moved for summary judgment for breach of contract (Count One of the Complaint) against the GST Trustees and Scott Erickson, the new GST Trustee. *See* ECF No. 154. On May 15, 2013, the GST Trustees moved unopposed for an extension of time to respond to the Trustee's motion, ECF No. 155, which the Court granted, ECF No. 158. On June 13, 2013, the GST Trustees again moved for an extension of time, attaching a Rule 56(d) affidavit asserting that they needed additional time to conduct discovery. ECF Nos. 159, 159-1.[11] On October 3, 2013, the Court ordered the parties to submit supplemental briefing on the Court's subject matter jurisdiction. ECF No. 171. On October 17 and 24, the parties submitted briefing. ECF Nos. 171, 172, 175. On December 9, 2013, the Court (1) held that it had subject matter jurisdiction under 28 U.S.C. § 1334(b); (2) granted the GST Trustee's Rule 56(d) motion; and (3) denied without prejudice the Trustee's motion for summary judgment. ECF No. 179.[12]

---

[11] On July 8, 2013, the Trustee opposed this motion. ECF No. 163. On August 2, 2013, the GST Trustees moved for leave to file a supplemental Rule 56(d) affidavit. ECF No. 166. On August 20, 2013, the Trustee opposed this motion. ECF No. 169.

[12] The Court also granted the GST Trustees' motion to file a second Rule 56(d) affidavit; denied as moot the GST Trustees' motion to dismiss; denied as moot the Trustee's motion to file a supplemental memorandum in support of jurisdiction; and directed GST Trustees to file an answer within 14 days of the date of the Court's Order. ECF No. 179.

On June 11, 2014, the Trustee again moved for summary
judgment for breach of contract.  ECF No. 189.[13]   The motion
contends that the Trustee is entitled to recover more than $107
million in principal, interest, and late charges on the Note.
ECF No. 189-2 at 9-10.[14]  On June 30, 2014, the GST Trustees
opposed the motion.  ECF No. 192.  On July 14, 2014, the Trustee
replied.  ECF No. 193.  On July 17, 2014, the GST Trustees moved
for leave to file a surreply in opposition to the motion for
summary judgment.  ECF No. 194.  On July 31, 2014, the Trustee
opposed that motion.  ECF No. 195.

II. Analysis

    A.   Motion for Leave to File a Surreply

Unless otherwise ordered by the Court, a party may not file
a surreply.  Local Rule 105.2(a) (D. Md. 2014).  "Surreplies may
be permitted when the moving party would be unable to contest
matters presented to the court for the first time in the

---

[13] Although the Trustee's motion seeks summary judgment against
the GST Trusts, ECF No. 189, the Trustee's memorandum of law in
support of his motion seeks summary judgment against the GST
Trustees, ECF No. 189-2 at 1.  The Court will construe the
motion as seeking summary judgment against the GST Trustees.
See ECF No. 148 at 1 ("This Stipulation and Order for Dismissal
with Prejudice applies to all named Defendants other than the
Trustees of The 2002 John C. Erickson GST Trust and The 2002
Nancy A. Erickson GST Trust in their capacities as said
Trustees.").

[14] The Trustee also seeks attorneys' fees and costs to be
calculated at a later date.  ECF No. 189-2 at 10-11.

opposing party's reply." *Khoury,* 268 F. Supp. 2d 600, 605 (D. Md. 2003), *aff'd,* 85 F. App'x 960 (4th Cir. 2004).

In his motion for summary judgment, the Trustee asserted that he "is the holder of the [N]ote," and that, under general principles of contract law, he is entitled to repayment. ECF No. 189-2 at 3, 6. In his reply, the Trustee asserted that he is "a holder in due course"; therefore, the Note's Waiver Clause bars the defense of mutual mistake. ECF No. 193 at 3-4; *see also supra* note 5. The Trustee contends that his "claim of holder in due course status is not a new argument; it is a defense to Defendants' new allegation of mutual mistake." ECF No. 195 at 3. Ordinarily, surreplies are inappropriate when the arguments made in the reply brief "are merely responses to new arguments made ... in [the] response." *EEOC v. Freeman,* 961 F.Supp.2d 783, 801 (D. Md. 2013) (internal quotation marks omitted). However, because the GST Trustees' proposed surreply is responsive to a matter that the Trustee raised for the first time in his reply (that he is a holder in due course entitled to the privileges of such), the Court will grant the motion. *See Khoury,* 268 F. Supp. 2d at 605.

B.    Motion for Summary Judgment

1.    Legal Standard

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the

11

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a);[15] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In considering the motion, the judge's function is "not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

The Court must "view the evidence in the light most favorable to . . . the nonmovant and draw all reasonable inferences in [its] favor," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the Court must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (citation and internal quotation marks omitted). The opposing party must produce evidence upon which a reasonable fact finder could rely. *Celotex Corp.*, 477 U.S. at 322-23. The mere existence of a "scintilla"

---

[15] Federal Rule of Civil Procedure 56(a), which "carries forward the summary-judgment standard expressed in former subdivision (c)," changed "genuine 'issue' [to] genuine 'dispute,'" and restored the word "'shall' . . . to express the direction to grant summary judgment." Fed. R. Civ. P. 56 advisory committee's note.

of evidence is insufficient to preclude summary judgment.
*Anderson*, 477 U.S. at 252.

>     2.    The Trustee's Motion

The Trustee asserts that he is entitled to summary judgment
under general principles of Maryland contract law and under the
Commercial Law article of the Maryland Code.[16]  ECF No. 189-2 at
7-8.   The GST Trustees contend that mutual mistake prevents the
Note's enforcement under both bodies of law.  ECF No. 192-1 at
8, 13.

>     i.    Maryland Contract Law[17]

The Trustee asserts that the GST Trustees have admitted the
validity of the Note, and that it is overdue and unpaid.  ECF
No. 189-2 at 7.  The GST Trustees concede that, "on its face,
[the Note] indicates that payment is due"; however, they assert
that the omission of a Note provision stating that the GST
Trusts "would have no obligation to pay the Note except to the
extent of future distributions from EG to the [GST Trusts]" was
a "mutual mistake," preventing the Note's enforcement.  ECF No.

---

[16] *See* Md. Code Ann., Com. Law §§ 3-301, *et seq.* (West 1997).

[17] Maryland law applies, because Maryland is the forum state, and
the Note contained a choice-of-law provision stating that
Maryland law would apply. *See Ground Zero Museum Workshop v.
Wilson*, 813 F.Supp.2d 678, 696 (D. Md. 2011); *Henry v. Gateway,
Inc.*, 979 A.2d 287, 297 (Md. Ct. Spec. App. 2009) ("Maryland
appellate courts have long recognized the ability of parties to
specify in their contracts which state's law will apply."); *see
also* ECF No. 189-9 ¶ 11 (Choice-of-Law provision).

192-1 at 8.[18]   The Trustee contends that because he is a holder
in due course, the GST Trustees' defense of mutual mistake is
unavailing.   ECF No. 193 at 3.   The GST Trustees assert that the
Trustee is not a holder in due course because he took assignment
of the Note subject to all defenses.   ECF No. 194-1 at 3-4.

Under Maryland law, a promissory note is a contract between
the parties.   *Jenkins v. Karlton*, 620 A.2d 894, 901-02 (Md.
1993).   To prevail in an action for breach of contract, the
plaintiff must prove the existence of a contract, and that the
defendant breached its contractual obligation.   *RRC Ne., LLC v.
BAA Maryland, Inc.*, 994 A.2d 430, 442 (Md. 2010)(*citing Taylor
v. NationsBank, N.A.*, 776 A.2d 645, 651 (Md. 2001)).

Here, the parties do not dispute the existence of the Note
and that no payments were made on the Note.   ECF Nos. 189-2 at
2; 192-1 at 6.   Under the Note's terms, the unpaid principal,
interest, and costs became due when the GST Trusts missed their
first payment on May 4, 2006.   *See* ECF No. 189-9 ¶ 7(a).[19]
Absent any defense to enforcement, the GST Trustees owe the
Trustee the amount due under the Note.

---

[18] The GST Trustees assert that mutual mistake permits
reformation of the Note to reflect EG's and the GST Trusts'
intention about repayment.   ECF No. 192-1 at 1, 8.

[19] The GST Trustees incurred multiple "Event[s] of Default"
rendering the entire Note sum due, including their failure to
pay upon maturity, and their allegation of the Note's
unenforceability.   *See* ECF No. 189-9 ¶ 7.

Mutual mistake is a defense to enforcement, and grounds for reformation of the contract. *See generally Wiseman v. First Mariner Bank*, No. CIV.A. ELH-12-2423, 2013 WL 5375248, at *16 (D. Md. Sept. 23, 2013)(synthesizing Maryland case law). The party asserting mutual mistake carries a "significantly higher [burden of persuasion] than the preponderance standard used to determine the existence of an ambiguity." *Higgins v. Barnes*, 530 A.2d 724, 727 (Md. 1987). "[T]he proof must not only establish that the written agreement was not the agreement intended by the parties, but also what was the agreement contemplated by them at the time it was executed." *Moyer v. Title Guarantee Co.*, 177 A.2d 714, 715 (Md. 1962). Evidence of the mutual mistake and the parties' intended agreement must be shown by clear and convincing evidence. *LaSalle Bank, N.A. v. Reeves*, 919 A.2d 738, 751 (Md. Ct. Spec. App. 2007), *cert. denied*, 929 A.2d 891 (Md. 2007).[20]

Here, the GST Trustees have submitted multiple affidavits showing the parties' intended agreement (or expectation) that the GST Trusts would repay the loan to EG using a future

---

[20] *See also Moyer*, 177 A.2d at 715 (Md. 1962)("Before performing the difficult and delicate task of reforming an agreement after the parties have solemnized it by reducing it to writing and executing the same, this Court has consistently required proof of the highest order."; *White v. Shaffer*, 130 Md. 351, 360 (1917)(mistake and intended agreement "must be proven beyond a reasonable doubt.")(*quoting Second Nat'l Bank v. Wrightson*, 63 Md. 81, 84 (1885)).

15

distribution from EG to the GST Trusts.  ECF Nos. 192-3; 192-4; 192-5.  Establishing the parties' intended agreement, however, is insufficient; the GST Trustees must also show that the parties mistakenly omitted a provision expressly conditioning repayment on a future distribution.  On that, there is conflicting evidence.

The GST Trustees' affidavits state--in a conclusionary fashion--that the omission was a mutual mistake.  ECF Nos. 192-3 ¶ 16; 192-5 ¶ 10.  They do not explain the terms of the omitted provision--for example, when a future distribution was expected, or that it was expected before the Note's maturity.  *See* ECF No. 189-9 ¶ 1.  They do not explain why, in a September 2010 bank settlement, they acknowledged owing more than $69 million on the Note.  *See* ECF No. 189-12 at 7-8.  "[N]o party has a right to . . . modify a contract merely because he finds, in the light of changed conditions, that he has made a bad deal."  *Harford County v. Town of Bel Air*, 704 A.2d 421, 431 (Md. 1998) (internal quotation marks and citation omitted).

However, the Note's default provision granted the Creditor discretion to demand unpaid principal and interest in the "Event of Default."  *Id.* ¶ 7.  There is no evidence that, when the GST Trusts missed the May 4, 2006 (and, the May 4, 2007) interest repayment dates, EG demanded the entire balance.  That EG declined to exercise its discretionary power under the Note

supports the GST Trustees' contention that they were not
expected to make payments on the Note until they received a
distribution.  Drawing "all justifiable inferences . . . in
[their] favor," the GST Trustees have shown that there is a
genuine dispute of material fact on whether there was mutual
mistake.  *See Anderson*, 477 U.S. at 255.  The inquiry does not
end there.

The Trustee argues that he is a holder in due course; thus,
under the Waiver Clause, the GST Trusts waived the defense of
mutual mistake.[21]  ECF Nos. 193 at 3; 189-9 ¶ 9.  Under Md. Code.
Ann., Com. Law § 3-302(a)(2), a "holder in due course" takes the
instrument "for value"; "in good faith"; "without notice that
the instrument is overdue or has been dishonored"; and "without
notice that any party has a defense . . . described in § 3-
305(a)."  A holder in due course is not subject to the defense
of mutual mistake.  *See* Md. Code. Ann., Com. Law § 3-305(a)-
(b).[22]

---

[21] The Trustee also contends that, even if the GST Trusts did not
waive the defense of mutual mistake, it could not be asserted
against a holder in due course.  ECF No. 193 at 4.

[22] "The right of a holder in due course to enforce the obligation
of a party to pay the instrument is  . . . not subject to
[simple contract] defenses of the obligor stated in [§ 3-
305(a)(2)]."  Com. Law § 3-305(b); *see also Home Ctr. Supply of
Maryland, Inc. v. Certainteed Corp.*, 476 A.2d 724, 729 & n.2
(Md. Ct. Spec. App. 1984).

Here, the GST Trusts had defaulted on their payment obligations under the Note before Lain was appointed Trustee and the right to enforce the Note was assigned to the Liquidating Trust. ECF Nos. 189-2 at 4; 189-9 ¶ 1; 194-1 at 2-3. Accordingly, the Trustee had notice that the Note was overdue; thus, he is not a holder in due course under the Commercial Law article.

However, under the Waiver Clause, the Trustee need not qualify as a holder in due course under the Maryland Code to have the rights of a holder in due course:

> If Creditor transfers this Note to another holder *who takes this Note for value and without actual knowledge of a claim or defense of the Borrowers* against any prior holder of this Note, [1] such transferee shall not be subject to any claims, set-offs, *or defenses* that Borrowers may have against any holder of this Note prior to such transfer, and [2] such transferee shall have all of the rights of a holder in due course against Borrowers *even if, absent this provision, such transferee would not qualify as a holder in due course under applicable law.*

ECF No. 189-9 ¶ 9(emphasis added). The Trustee asserts that because he took the Note for value, and without knowledge of a claim or defense, the GST Trustees waived the defense of mutual mistake, and he has holder in due course status. ECF No. 193 at 3-4.

Under Com. Law § 3-303(a)(3), "[a]n instrument is issued or transferred for value if . . . [t]he instrument is issued or

transferred as payment of, or as security for, an antecedent claim against any person, whether or not the claim is due." Here, the Trustee took the Note for value because the Plan assigned to the Liquidating Trust EG's right to enforce the Note--an antecedent debt--against the GST Trusts. ECF No. 193 at 4 & n.5. When the assignment occurred, the Trustee was unaware of any claim or defense the GST Trusts had against EG. *See id.* at 4; ECF No. 193-1 ¶ 5.[23] However, the GST Trustees argue that the Waiver Clause does not apply because--under the bankruptcy court's Confirmation Order and Section 6.4.1 of the Plan--the Trustee took assignment of the Note subject to all existing defenses. ECF No. 194-1 at 3-4.

According to the Confirmation Order, "[a]ll property of the Debtors' Estates[] . . . shall vest in the . . . Liquidating Creditor Trust . . . as applicable, free and clear of all claims, liens, encumbrances, charges, and other interests, except as expressly provided herein, in the Liquidating Creditor Trust documents, . . . or the Plan." ECF Nos. 194-1 at 4, 210: ¶ 11. Section 6.4.1 of the Plan provides, *inter alia*, that "[t]he Plan . . . shall be without prejudice to any parties' defenses, affirmative defenses, or defensive offsets . . . to such potential claims as may be reserved under the Plan,

---

[23] The GST Trustees have not asserted that they had any claims against EG.

including without limitation any . . . Estate Assigned Claims."
ECF No. 194-1 at 45: ¶ 6.4.1. "Estate Assigned Claims" includes
EG's right to enforce the Note. *See id.* at 3, 136.

Although it is not entirely clear, the GST Trustees
apparently contend that the Trustee's right to enforce the Note
must be interpreted solely under the Confirmation Order, the
Plan, and the Liquidating Creditor Trust documents; *not* under
the Waiver Clause. ECF No. 194-1 at 4. According to the GST
Trustees, the Trustee is not a holder in due course because
Section 6.4.1 of the Plan "expressly provided for the [GST
Trusts] to retain all defenses to any claims under the Note."
*Id.* at 4-5. The Trustee contends that the phrase "without
prejudice" in Section 6.4.1 means that the Plan does not "'harm
or cancel the legal rights or privileges' of any parties"; thus,
it preserves the Trustee's defense of holder in due course
status. ECF No. 195 at 9 & n.16 (*quoting* Black's Law Dictionary
1740 (9th ed. 2009)).

Contract interpretation is a question of law. *Ocean
Petroleum, Co., Inc. v. Yanek*, 5 A.3d 683, 690 (Md. 2010).
Maryland follows the objective theory of contract
interpretation, whereby "courts apply the plain meaning of
unambiguous contract terms." *Id.* Although the Confirmation
Order provided for the Note to vest in the Liquidating Creditor
Trust "free and clear of all claims, liens, encumbrances,

charges, and other interests, except as expressly provided herein," there is no evidence that the Note's Waiver Clause is a "claim[], lien[], encumbrance[], charge[], [or] other interest[]" to be annulled by the Confirmation Order. *See* ECF No. 194-1 at 210: ¶ 11.

Further, the plain language of Section 6.4.1 merely preserves the parties' defenses; it does not create them. The Plan assigned to the Trustee the right to enforce the Note. ECF No. 194-1 at 46 ¶ 6.4.7. An assignment is a transfer, which may establish holder in due course status and "any right of the transferor to enforce the instrument." *Hager v. Gibson*, 109 F.3d 201, 209 (4th Cir. 1997) (interpreting analogous provisions of Virginia's Commercial Law article).[24]  Thus, for the purpose of the Waiver Clause, a transfer occurred.  As explained above, the Trustee took the Note for value, and without knowledge of a claim or defense of the GST Trusts against EG; which facts the

---

[24] *See also* Com. Law § 3-203(a) ("An instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument.").  *Cf. Deutsche Bank Nat. Trust Co. v. Brock*, 63 A.3d 40, 48 (Md. 2013) (explaining that, in the context of real property, "once [a promissory] note is transferred, the right to enforce the deed of trust follow[s].")(internal quotation marks and citation omitted)(second alteration in original).  Thus, the GST Trustees' argument that the Trustee cannot invoke the Waiver Clause because he is "an assignee of the Note who stands in the shoes of EG," apparently implying that a "transfer" under the Waiver Clause did not occur, ECF No. 194-1 at 4-5, lacks merit.

GST Trustees do not dispute.  *See* ECF Nos. 193 at 4 & n.5; 195 at 6-7; 193-1 ¶ 5; 194-1 at 2-5.

Accordingly, (1) as a matter of contract interpretation, neither the Plan nor the Confirmation Order precludes the application of the Waiver Clause, and, (2) as there is no genuine dispute about whether its requirements have been met, the Trustee has holder in due course status under the Waiver Clause.  Thus, Section 6.4.1 preserves any defenses the GST Trustees may assert against a holder in due course.  Under Com. Law § 3-305, those defenses do not include the defense of mutual mistake.[25]  Therefore, under general principles of contract law, in conjunction with the Trustee's status as holder in due course under the Waiver Clause, the Trustee is entitled to enforce the Note.

ii.  Section 3-301 of the Commercial Law Article

The Trustee also contends that he is entitled to enforce the Note solely under Com. Law §§ 3-301 and 3-308(b).  The GST Trustees contend that the Trustee is subject to the defenses enumerated in Com. Law § 3-305(a)(2); thus, he is not entitled to enforcement under the Commercial Law article.  ECF No. 192-1 at 13.

---

[25] Defenses that may be asserted against a holder in due course include infancy, duress, incapacity, illegality, fraud, or insolvency.  Md. Code Ann., Com. Law § 3-305(a)(1), (b).  The GST Trustees do not assert any of those defenses.

A holder of an instrument is entitled to enforce it if the instrument's signatures are valid.  Com. Law §§ 3-301, 3-308(b). However, if the person against whom the instrument is asserted proves a defense, the holder's right to payment is subject to the defense, "except to the extent the [holder] proves that the [holder] has rights of a holder in due course which are not subject to the defense or claim."  Com. Law § 3-308(b).

Here, the Trustee is the holder, and the parties do not dispute the signatures on the Note.  *See generally* ECF Nos. 33, 189-2, 192-3 ¶ 11, 192-5 ¶ 5.  As explained above, the Waiver Clause granted the Trustee holder in due course status.  *See supra* Section II.B.2.i.  Thus, the Trustee is not subject to the defenses listed in Com. Law § 3-305(a)(2), including the defense of mutual mistake.  Accordingly, the Trustee is entitled to enforce the Note under the Commercial Law article of the Maryland Code.

III. Conclusion

For the reasons stated above, the Court will grant the GST Trustees' motion for leave to file a surreply, and will grant the Trustee's motion for summary judgment for breach of contract (Count One of the Complaint).

_12/3/14_
Date

_____
William D. Quarles, Jr.
United States District Judge

23